IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANDRE BENNETT,

        Plaintiff,                    No. CIV S-07-1629 LEW EFB P

    vs.

TILTON, et al.,

        Defendants.            FINDINGS AND RECOMMENDATIONS

_____/

       Plaintiff, a state prisoner without counsel, seeks leave to proceed *in forma pauperis* in this civil rights action.  *See* 42 U.S.C. § 1983; 28 U.S.C. § 1915(a)(1).  This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

       The *in forma pauperis statute* permits federal district courts to,

> authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state the nature of the action . . . and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1).  A court may deny leave to proceed *in forma pauperis* if it appears from the face of the proposed complaint that the action is frivolous or without merit.  *Minetti v. Port of Seattle*, 152 F.3d 1113 (9th Cir. 1998).   A claim is frivolous or without merit if there is no legal

theory upon which the plaintiff could prevail. *Neitke v. Williams*, 490 U.S. 319, 329 (1989) (federal court may dismiss *sua sponte* "claims of infringement of a legal interest which clearly does not exist). Plaintiff seeks to proceed under 42 U.S.C. § 1983 and so he must allege an individual deprived him of a right secured to him by the Constitution or laws of the United States while acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

Plaintiff alleges in his complaint that defendants, in their various capacities within the California Department of Corrections and Rehabilitation (CDCR), have opened his "confidential" mail from the United States government. He seeks an order directing California State Prison Sacramento and all the state prisons in California to "respect the law of confidential mail with the understanding that mail from the United States government is confidential mail."

Generally, there is no right to privacy in the mail, *United States v. Choate*, 576 F.2d 165 (9th Cir. 1978), and "prison officials may examine the communications of a prisoner without infringing upon his rights." *United States v. Wilson*, 447 F.2d 1, 8 n.4 (9th Cir. 1971). No constitutional violation arises from the opening of a prisoner's mail from a governmental agency. *Mann v. Adams*, 846 F.2d 589, 590-91 (9th Cir.1988) (per curiam) (stating no constitutional violation where mail from public agencies, public officials, and news media was opened outside inmate's presence). Plaintiff alleges violation of a legal interest which clearly does not exist and therefore is frivolous.

Accordingly, it is hereby RECOMMENDED that plaintiff's application for leave to proceed *in forma pauperis* be denied and the Clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

////

////

"Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 24, 2007.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3